THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEOPOLDO Z. BARRAZA, Defendant-Appellant.

Second District   No. 2—97—0895

Opinion filed March 31, 1999.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Karen L. Daniel, of Oak Park, for appellant.

Paul A. Logli, State's Attorney, of Rockford (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Leopoldo Barraza, appeals his conviction of aggravated criminal sexual abuse (720 ILCS 5/12—16(c)(1) (West 1996)). Defendant contends that (1) he was denied a fair trial by the prosecutor's closing argument in which he argued facts outside the record and personally vouched for the credibility of the State's witnesses, and (2) that his fine must be vacated because the trial court failed to determine that he was able to pay.

Defendant was indicted on two counts of aggravated criminal sexual abuse for acts he allegedly committed against A.D. and S.D. A.D. testified that in 1994 she lived with her mother, her stepfather, her sister, and her brother in Rockford. Defendant and his "wife," Andrea, also lived with them. (It appears that defendant was not actually married to Andrea at this time, although they later married.)

A.D. testified that defendant touched her in bad ways approximately eight times. Once, when she was doing the dishes, defendant came up behind her and started rubbing her shoulders. He then touched her breasts over and under her shirt. She told him to stop and he left the room. Defendant did the same thing another time when A.D. was doing homework. A third time, while she was sitting on the couch, defendant "went to go between" her legs, but she pushed him away.

S.D. testified that once while she was watching television defendant reached over and grabbed her between her legs. She then got up and left the room.

A.D. testified that she did not tell anyone about these incidents until January 1997 because she did not want to ruin her mother's friendship with Andrea and because she was afraid her father would get custody of her. She eventually confided in some friends and then talked to a school counselor.

Rockford police officer Raymond Gonzales testified that he interviewed defendant in Spanish and defendant gave a statement. Defendant said that once in May or June 1994 he started to massage A.D.'s shoulders while she was doing dishes. She acted like she did not like it, so he left the room. Another time, he walked into the living room while A.D. was watching television. He sat on the armrest and

put his arm around her to give her a friendly hug. He accidentally touched her breast but did not intend the contact to be sexual. Another time, A.D. was sitting on the floor watching television and he playfully pushed her left shoulder. As he did so, his hand slipped off her shoulder onto her chest and she fell over onto her side. Defendant denied ever touching A.D. or S.D. in a sexual manner.

Defendant testified and denied touching A.D. or S.D. for sexual gratification. The jury found defendant guilty of the aggravated criminal sexual abuse of A.D. but not guilty as to S.D. The court sentenced him to four years in prison. After his posttrial motion was denied, defendant filed a timely notice of appeal.

Defendant first contends that the prosecutor's rebuttal closing argument denied him a fair trial. In his closing argument, defense counsel suggested that A.D. and S.D. were not credible because they waited more than two years to report the alleged abuse. In rebuttal, the prosecutor recounted at length a conversation he had had with his 10-year-old daughter. The prosecutor stated that although he had repeatedly told his daughter to tell him if she received a "bad touch," she stated that if she were touched inappropriately she would not tell anyone about it because it would be too uncomfortable to talk about it.

Defense counsel objected to this argument twice. After the first objection, the trial court told the jury:

"Ladies and gentlemen, I want to explain to you that you are the judges of the facts of this case and Mr. Smith is giving you an example. But the facts of this—but the facts of this example are not a recitation or a summary of the facts of this case. So I want you to take his comments with the understanding that he's giving you an example so that you can analyze that example to the issues that you have to determine in this case."

Following the second objection, the court admonished the jury as follows:

"Ladies and gentlemen, I want to again remind you that the facts of this incident or this chain of events that Mr. Smith is telling you does not have anything to do with the facts of this case other than providing an example of an incident from which Mr. Smith wishes to make certain analogies to this case. But those facts are not connected with this case and you cannot—should not considered [sic] them as any way related to the factual circumstances involved in the case that's before you."

After the jury began deliberating, the trial court stated that it was troubled by the prosecutor's anecdote. The court called the jury back into the courtroom and stated as follows:

"Ladies and gentlemen, I just want to interrupt your delibera-

tions just for a minute to clarify something for you. During his closing arguments, Mr. Smith advised you of what I called an example regarding a child reporting sexual abuse and I don't want to mislead you or to leave this ambiguous in your mind and maybe the word 'example' is not strong enough. I would like you to think of it as a hypothetical rather than as an example.

Mr. Smith is arguing from common experiences in life what a child might do in this reporting of sexual abuse context. I don't want you to conclude or assume in your deliberation that these events actually happened. I want you to think of them as fiction.

Those events are not evidence in this case and must not be considered or regarded by you as evidence. They're simply Mr. Smith's way of making inferences from common experience in life to try to draw you to certain conclusions."

Defendant contends that the prosecutor's "anecdote" about a conversation with his daughter injected into the case facts not in evidence, improperly expressed the prosecutor's personal opinion of the witnesses' credibility, and appealed to the jury's sympathy. Defendant claims that the trial court's remarks only confused the jury about how to consider the prosecutor's remarks.

■ A prosecutor is allowed a great deal of latitude in closing argument. *People v. Williams*, 147 Ill. 2d 173, 231 (1991). A prosecutor may comment upon the facts in evidence or the reasonable inferences therefrom. *People v. Hudson*, 157 Ill. 2d 401, 441 (1993); *People v. Wicks*, 236 Ill. App. 3d 97, 108 (1992). Even if a prosecutor's remarks are improper, they will not be reversible error unless they result in substantial prejudice such that absent those remarks the verdict would have been different. *Hudson*, 157 Ill. 2d at 441. The regulation of closing arguments is within the trial court's discretion, and its determination of the propriety of closing remarks will not be disturbed absent a clear abuse of discretion. *People v. Byron*, 164 Ill. 2d 279, 295 (1995).

■ Generally, a prosecutor may not vouch for the credibility of a witness or express personal opinions about the case. The prosecutor may comment on a witness's credibility only if the remarks are fair inferences from the evidence. *People v. Hayes*, 183 Ill. App. 3d 752, 756 (1989).

In *Hayes*, defendant was convicted of aggravated criminal sexual assault and other offenses arising from his attack on a woman who was walking to a gas station to get cigarettes. *Hayes*, 183 Ill. App. 3d at 754. In closing argument, the prosecutor told a personal story about being followed by a man as she walked to the store to get cigarettes. The appellate court held that the prosecutor improperly bolstered the victim's credibility and appealed to the jury's passions and prejudices.

"She went far beyond any comment on the evidence and improperly placed the integrity of the State's Attorney's office behind the credibility of this witness." *Hayes*, 183 Ill. App. 3d at 756. Moreover, because the evidence against defendant was not overwhelming and rested largely on the victim's credibility, the error mandated reversal. *Hayes*, 183 Ill. App. 3d at 757-58.

■ The remarks in the present case are similar to those in *Hayes*. The prosecutor attempted to bolster the victims' credibility and elicit sympathy for them by telling a personal story about a conversation with his daughter. These facts were not in evidence and could only serve to improperly bolster the victims' credibility by implying that any child might be reluctant to discuss sexual abuse.

Moreover, as in *Hayes*, the evidence against defendant was not overwhelming. The State's case consisted almost entirely of the victims' testimony. No one corroborated the victims' testimony that they complained to others. There was no physical evidence. The improper argument is all the more serious because defendant's conviction rested almost entirely on the jury's assessment of the victims' credibility. The jury apparently had some doubts about the victims' credibility because it found defendant not guilty of the charges involving S.D. Thus, we cannot say that the improper argument was not a material factor in defendant's conviction.

We also agree with defendant that the trial court's comments may have confused the jury about its ability to consider the prosecutor's comments. The court first stated that the remarks should be considered an "example," then a "hypothetical," and finally "fiction." The jury may have been unclear as to what to do with this information.

The cases on which the State relies are distinguishable. In *People v. Siefke*, 195 Ill. App. 3d 135 (1990), the trial court sustained defendant's objection to the improper comments. We held that sustaining the objection cured any prejudice resulting from the prosecutor's isolated comment. *Siefke*, 195 Ill. App. 3d at 146. In *People v. Morgan*, 259 Ill. App. 3d 770 (1994), the comment was also an isolated reference. Defendant failed to preserve the issue for review and the appellate court considered it only to the extent of determining whether counsel was ineffective for failing to object to the comments. *Morgan*, 259 Ill. App. 3d at 784. Here, the comments were much more extensive, the trial court failed to sustain the objection, and defendant preserved the issue for review.

Because defendant was prejudiced by the prosecutor's improper argument, he is entitled to a new trial. Pursuant to *People v. Taylor*, 76 Ill. 2d 289 (1979), we have reviewed the evidence and find that it

was sufficient to prove defendant's guilt beyond a reasonable doubt. Therefore, double jeopardy principles do not bar a retrial, although this in no way constitutes a holding that is binding on retrial. Because of our disposition of this issue, we need not reach defendant's second contention.

The judgment of the circuit court of Winnebago County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

BOWMAN, P.J., and HUTCHINSON, J., concur.