THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ARTHUR L. MOREY, Defendant-Appellant.

Second District    No. 2—98—0493

Opinion filed November 30, 1999.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Jay Wiegman and Elaine Sofferman, both of Law Offices of Jay Wiegman, of Somonauk, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

After a jury trial, defendant, Arthur L. Morey, was convicted of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 1996)) and unlawful delivery of a controlled substance (720 ILCS 570/401(e) (West 1996)) and sentenced to two years' probation. On appeal, defendant argues that the trial court erred when it refused to issue a writ of attachment against a defense witness (see 725 ILCS 5/115—17 (West 1996)) and grant defendant a continuance to secure the witness, who left the courthouse shortly before he was to have testified. We reverse and remand.

The State attempted to prove that defendant was the seller in a controlled purchase of cocaine. An undercover officer testified that, on the day of the sale, she and a confidential informant drove to a parking lot, with the informant first making a call from a pay phone nearby. At the parking lot, a man drove up in a maroon minivan, talked briefly with the informant through the open passenger's side window, told the informant he had cocaine, and deposited a small bag of cocaine onto the floor of the officer's car. Several weeks later, the officer identified defendant from a photographic lineup. At trial, she again identified defendant as the seller. Two other officers involved in overseeing the sale also identified defendant in court as the person who exited the maroon minivan and approached the officer's car. The police established that defendant owned the minivan.

Defendant sought in various ways to undermine the officers' identification testimony. At one point, defendant's counsel asked an officer if he knew about the informant's criminal background. The trial court sustained the State's objection, noting that defendant could ask the informant such questions when defendant called him as a witness.

Before putting on defendant's case, his counsel informed the court that she intended to call the informant, who had been present in court pursuant to her subpoena, as her first witness but that the informant had left. Counsel then called defendant, who testified that he had never met the informant or the undercover officer and did not commit the offense. Defendant admitted owning the minivan the seller drove.

Following defendant's testimony, the following colloquy occurred.

"MS. CAHN [defense counsel]: Well, evidently [the informant] isn't here.

THE COURT: Okay. Do you know where he is?

MS. CAHN: No, he was under my subpoena to be here.

THE COURT: Okay. Very well. In light of the time I don't see that you have any options at this time but to rest.

MS. CAHN: Then I ask to be allowed to give background on [the informant], Judge. You can't preclude me from getting into the kind of character this man is and what he had to gain from lying.

THE COURT: Well Mrs. Cahn, if he's not testifying, you can't.

MS. CAHN: Judge, he's under a subpoena. Then I ask for a body attachment.

THE COURT: We are in the last part of the trial in this case and I won't enter a body attachment because we are in the middle of a trial right now. So your witness is not here. You don't have any other option at this time but to rest. I will not grant a continuance in this case.

MS. CAHN: Judge, I don't understand why we can't start this case up Monday morning.

THE COURT: Because we are not. I advised all the jurors that the case would conclude today.

MS. CAHN: But, Judge, the police knew that I was calling him as a witness. I informed the state he's under my subpoena that he was told to be here and he's not here.

THE COURT: The fact that the police know doesn't impute to them that they, in fact, told your witness not to be here.

MS. CAHN: Well, they are laughing about it outside.

THE COURT: Ms. Cahn, I don't know about that. I will not allow you to offer any impeachment as to [the informant].

> MS. CAHN: I think that this is highly prejudicial to my client because they have put [the informant] in a line that is not favorable to the character of the man they judge.
>
> THE COURT: What specific motion do you have Mrs. Cahn?
>
> MS. CAHN: That you order a body attachment and have him brought in.
>
> THE COURT: And continue the case?
>
> MS. CAHN: Yes.
>
> THE COURT: Motion will be denied. Do you have anything else?
>
> MS. CAHN: Your Honor, they have left the jury with this note with Art written on it that wasn't in discovery. They have tied my hands, Judge.
>
> THE COURT: Do you have any other witnesses? Motion to continue is denied. Do you have any other witnesses?
>
> MS. CAHN: No, Judge, I don't.
>
> THE COURT: All right. Then the defense rests?
>
> MS. CAHN: Over my strenuous objection. If the Court is making me rest, then I rest."

Following argument, the jury deliberated for approximately 90 minutes before informing the trial court that it was deadlocked. The trial court, with the agreement of the parties, instructed the jury to continue deliberating, and it thereafter returned guilty verdicts.

Defendant filed a posttrial motion asserting in part that the trial court erred in refusing to issue an attachment or to continue the case until the informant could be found. At the hearing on the motion, defendant's counsel asserted that the informant's testimony "may have shed some light on [whether] he did or did not know my client, whether he did or did not make a call and some other important issues." She also argued that she should have been able to call the informant because he had a "whole host of felony convictions." The trial court denied the motion. After sentencing, defendant timely appealed.

On appeal, defendant argues that the trial court abused its discretion in refusing to grant him a writ of attachment and a continuance so that he could obtain the informant's testimony. Defendant contends that the trial court's action deprived him of his right to due process by denying him the ability to confront and cross-examine the informant. See *Chambers v. Mississippi*, 410 U.S. 284, 294, 35 L. Ed. 2d 297, 308, 93 S. Ct. 1038, 1045 (1973). Defendant asserts that the informant's testimony was critical because the informant was crucial to the transaction and, because

the informant .contacted, defendant, was "best positioned" to identify defendant. Defendant argues that the jury was entitled to learn about the informant's background, the potential benefits he would receive in exchange for his testimony, and to weigh the informant's credibility in light of these considerations. Defendant concludes that the trial court's refusal to grant a continuance deprived him of the opportunity to present a defense and prevented the jury from considering the informant's credibility and its effect on the State's case.

■ Initially we note that, because the body attachment would serve no purpose without the continuance, the critical issue in this case is whether the trial court erred by refusing to continue the trial in order to allow defendant to retrieve his witness. The decision whether to grant a continuance so the defendant may secure the presence of a witness is committed to the trial court's sound discretion. *People v. Ward,* 154 Ill. 2d 272, 307 (1992). On review, we consider whether the defendant was diligent; whether the evidence was material and might have affected the verdict; and whether the defendant was prejudiced by the ruling. *Ward,* 154 Ill. 2d at 307.

■ We now consider the factors enumerated in *Ward.* We find that defendant was diligent in attempting to secure the presence of the informant. Defendant subpoenaed the informant, who apparently was present during the State's case in chief. Defense counsel also informed the trial court that she alerted the State to the fact that the informant was present pursuant to subpoena and would be called to testify during defendant's case.

The materiality of the evidence and the prejudice resulting from the trial court's ruling present much closer issues, but we determine that the balance weighs in defendant's favor. The jury reported that it was deadlocked during deliberation, suggesting that the jury viewed the evidence to be closely balanced. We note too, that the police identifications of defendant occurred about a month after the offense at issue and that no photographs of the seller were taken at the time of the transaction. The lapse of time between the offense and defendant's arrest and identification raises questions concerning the propriety and reliability of the police identification. Thus, we cannot say that the informant's testimony about his criminal background, biases, and motivations to lie would not have affected the outcome.

We also find that the trial court's ruling prejudiced defendant. Defendant had done all that he could to secure the presence and testimony of the informant at his trial. The trial court appeared to be unduly motivated to finish the trial and release the jury before the weekend. Defense counsel compellingly argued why the trial should have been continued and what she hoped to prove with the informant's testimony. We hold, therefore, that the trial court abused its discretion by refusing to grant a continuance in this case.

■ The State argues that defendant has waived our consideration of this issue by failing to present an offer of proof on the informant's testimony. We disagree. First, to require defendant to present an offer of proof concerning the testimony of a confidential informant for the police is unrealistic and would burden defendant with an insurmountable barrier. The informant is under absolutely no compulsion to speak with defense counsel prior to trial and defendant has no way to depose the witness. Thus, there is no method available to defendant by which he could learn the substance of the informant's testimony before placing him on the stand at trial. The State's waiver argument is thus fundamentally unfair by requiring that the defendant do the impossible as a condition precedent to appeal. Second, the colloquy quoted above between the trial court and defense counsel shows that counsel was not allowed to present an offer of proof. Instead, counsel was instructed to rest defendant's case. Finally, contrary to the State's contention, counsel apprised the trial court as best she could about what she hoped to achieve with the informant's testimony. Therefore, under the circumstances of this case, we find that defendant preserved the issue for our review.

■ The State also argues that the trial court's ruling was not an abuse of discretion, citing to *People v. Johnson*, 110 Ill. App. 2d 292 (1969). In *Johnson*, an undercover drug buy was conducted by the police using an informant. *Johnson*, 110 Ill. App. 2d at 295-96. The court found no abuse of discretion where the trial court refused to continue the trial to allow the defendant to investigate information relating to the informant who was reported to have died. *Johnson*, 110 Ill. App. 2d at 300. The court also noted that the State did not rely on testimony from the informant, but instead relied on the observations of experienced police officers. *Johnson*, 110 Ill. App. 2d at 300. *Johnson* is distinguishable, however,

because the defendant was alerted to the fact that the informant had died a month in advance of the trial. Additionally, the defendant had answered ready for trial several times before requesting a continuance to investigate the deceased informant. *Johnson*, 110 Ill. App. 2d at 294-95. The court's ruling was thus premised on the defendant's lack of diligence in securing information about the informant. By contrast, defendant in the instant case was diligent in attempting to secure the testimony of the informant, having subpoenaed the informant and alerted the State that counsel intended to call the informant as a witness. We conclude, therefore, that *Johnson* does not support the State's lack-of-prejudice argument.

■ Because we have determined that the trial court abused its discretion in refusing to grant defendant a continuance to secure the presence and testimony of the informant, he is entitled to a new trial. We have examined the record and conclude that the State presented sufficient evidence to prove defendant guilty beyond a reasonable doubt, and, therefore, a retrial would not offend the principles of double jeopardy. *People v. Barraza*, 303 Ill. App. 3d 794, 798-99 (1999). We emphasize, however, that this determination is not binding on retrial and does not express an opinion concerning defendant's guilt or innocence.

The judgment of the circuit court of Lake County is reversed and the cause remanded for further proceedings consistent with this order.

Reversed and remanded.

McLAREN and GEIGER, JJ., concur.